Mohammed HASAN; Mahbuba Hasan; Rubaiyat Sultana, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73136.

Agency Nos. A73–965–146, A73–965–147, A73–965–148.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Feb. 9, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Sabbir Ahmed, Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Paul Fiorino, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM**

Mohammed Hasan petitions on behalf of himself and his wife and daughter for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal. We grant the petition and remand for further proceedings.

Hasan and his family are natives and citizens of Bangladesh. In support of their applications for relief from removal, Hasan testified he was active in the Jatiyo Party until its demise in 1991. According to Hasan, the police, acting on behalf of the Bangladesh National Party (BNP), arrested and detained him, beat him with sticks, burned him with cigarettes, hung him upside down and scalded him with hot water. His brother and uncle, also active in the Jatiyo Party, were killed because of their political activities. Hasan's wife was kidnapped and raped by a leader of the BNP. Hasan's business was destroyed and he was repeatedly threatened with harm if he continued to support the Jatiyo Party.

The IJ acknowledged "all of the events against the respondent's family members, as well as the respondent's business, occurred during the time when the BNP was reacting violently in revenge attacks against the Jatiyo Party...." The IJ nonetheless found Hasan's testimony incredible. The BIA adopted the IJ's adverse credibility determinations. In such instances, "we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Shire v. Ashcroft*, 388 F.3d 1288, 1294 (9th Cir. 2004) (internal quotation omitted). The IJ's adverse credibility findings must be supported by "specific, cogent reasons" rather than based on "speculation and conjecture." *Id.* at 1295.

■ We conclude the IJ's adverse credibility determinations are not supported by substantial evidence. First, the IJ determined that Hasan is ineligible for asylum because he refused to admit the Jatiyo Party also engaged in political persecution. Although an alien who "ordered, incited, assisted, or otherwise participating in the persecution" of others is statutorily ineligible for asylum, 8 U.S.C. § 1158(b)(2)(A)(i), we have held that "merely being a member of an organization that persecutes others is insufficient to render an alien statutorily ineligible for asylum as a persecutor." *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1139 (9th Cir.2004). Moreover, the IJ cannot impute the actions of others to deny a petitioner's request for asylum. *See Vuk-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*mirovic v. Ashcroft,* 362 F.3d 1247, 1252 (9th Cir.2004). Rather, the IJ must "engage in a particularized evaluation in order to determine whether an individual's behavior was culpable to such a degree that he could be fairly deemed to have assisted or participated in persecution." *Id.* (internal quotation omitted). The IJ failed to do so here and nothing in the record suggests that Hasan had personal knowledge of such persecution or that he persecuted others.

Second, the IJ had "significant difficulties" with Hasan's testimony, noting it was troubling that some information was disclosed on cross examination rather than on direct examination and that other information was disclosed in Hasan's written statement but not mentioned at the hearing. These observations are not sufficient to constitute adverse credibility determinations. *See Mansour v. Ashcroft,* 390 F.3d 667, 671–72 (9th Cir.2004). Nonetheless, even if we deem the IJ's comments to be reviewable findings, they are not sufficient to deny asylum. The mere noting of inconsistences between a petitioner's written application and later testimony are not "specific, cogent reasons" sufficient to support an adverse credibility determination. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). Moreover, the IJ here did not identify true inconsistencies, but rather noted only that Hasan's cross-examination was more detailed than his direct and that Hasan's written application was more detailed than his testimony. We have rejected both of these rationales as proper grounds to support credibility findings. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) (noting petitioner's "more specific, consistent response to further questioning is not a cogent reason for supporting a negative credibility finding"); *Hoque v. Ashcroft,* 367 F.3d 1190, 1196–97 (9th Cir.2004) (noting petitioner's failure to mention facts or circumstances "on her

own" during testimony is not a ground for finding her testimony incredible); *see also Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999) (noting petitioner cannot be faulted for not providing information when not asked to do so).

Finally, the IJ credited Hasan's wife's testimony that she was kidnapped and raped by one of the leaders of the BNP, but nonetheless concluded the incident may have been "because of a personal vendetta." The IJ thus held that this "tragic and horrible experience" did not constitute political persecution because it "may have been in part a personal dispute." Such speculation cannot support an adverse credibility determination. *See Shire,* 388 F.3d at 1296.

■ When an IJ's credibility determinations are not supported by substantive evidence, we may accept petitioner's testimony as true. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004). Hasan's testimony, when taken as true, sufficiently demonstrates past persecution. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir.2004) (holding "any reasonable fact-finder would be compelled to conclude that the repeated beatings, arrests, and threats suffered by [petitioner] constitute persecution within the meaning of the asylum statute"). "Once a petitioner demonstrates past persecution, she is entitled to a presumption of a well-founded fear of future persecution." *Id.* at 1135. The government may rebut that presumption by "demonstrating by a preponderance of the evidence that country conditions have changed . . . so that the petitioner no longer has a well-founded fear" of persecution if forced to return. *Id.*

■ The BIA agreed with the IJ that "conditions have changed substantially in Bangladesh" and that Hasan "would no longer have a well-founded fear of persecution." Hasan argues, however, that "there

is systematic and continual resonance of violence in the Bangladesh political landscape." Indeed, Hasan correctly notes that the BNP is back in power. *See Afroza Hasan v. Ashcroft,* 380 F.3d 1114, 1119 (9th Cir.2004) (noting BNP regained national power in 2001). Given that change in political power, the BIA should reexamine whether conditions in Bangladesh have changed to the point that Hasan and his family would not fear persecution. *See Lopez v. Ashcroft,* 366 F.3d 799, 807 (9th Cir.2004) ("[I]t is appropriate to permit the BIA on remand to assess whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination."); *Gafoor v. INS,* 231 F.3d 645, 657 (9th Cir.2000) (remanding for BIA to evaluate the relevance of recent changes in country conditions).

**PETITION FOR REVIEW GRANTED; REMANDED.**